UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JOHN BUCKLEY, | |
| Plaintiff, | 2:20-cv-01724-VCF |
| vs. | |
| ANDREW SAUL, Acting Commissioner of Social Security, | **ORDER** |
| Defendant. | |

This matter involves Plaintiff John Buckley's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Buckley's Motion for Reversal or Remand (ECF No. 27), the Commissioner of Social Security's Motion to Affirm (ECF No. 30), and Buckley's response to Defendant's Cross Motion and Opposition (ECF No. 32). For the reasons stated below the Court DENIES Buckley's motion to reverse or remand and GRANTS the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

**DISCUSSION**

**I.      Factual Background**

In June 2017, Plaintiff filed applications for Child Insurance Benefits ("CIB") and Supplemental Security Insurance ("SSI") (AR 277-82) [1].  The agency denied Plaintiff's application initially and upon reconsideration (AR 123-32, 136-43).  Plaintiff requested a hearing before an ALJ (AR 144-46).  The ALJ held a hearing on November 14, 2019, Plaintiff was represented by an attorney and non-attorney representative.  A vocational expert (VE) testified (AR 34-56).  In a decision dated February 27, 2020, the ALJ found Plaintiff was not disabled (AR 15–26).  The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied Plaintiff's request for review (AR 1–6).  Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

The ALJ applied the five-step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Buckley` suffered from a severe combination of impairments including hypertension,

---

[1] AR signifies a citation to the administrative record.

gastroesophageal reflux syndrome, contracted gallbladder, splenomegaly, epilepsy, hypothyroidism/Hashimoto's disease, and morbid obesity. (AR 18). The ALJ examined relevant medical evidence including opinions and reports of treating physician Jay Mahajan, D.O., Kelly Fink, N.P., Evita Tan, R.N., opinions of State Medical consultants Kevin Ramsey, M.D., Navdeep Dhaliwal, M.D., April Henry, M.D., Robert Brill, Ph.D., Verna Fabella, Ph.D., and Joseph Ceniti Ph.D., and records of medical treatment. (AR 15-26). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526), thus the ALJ denied his social security benefits. (AR 26).

The ALJ concluded Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. He can occasionally climb ramps and stairs, balance, stop, kneel, crouch or crawl, but never climb ladders, ropes or scaffolds. He can have no exposure to hazards such as heights and dangerous moving machinery and no more than moderate noise level exposure such as found in an office or retail setting and should have close proximity to toilets in an office setting. (AR 20).

The ALJ found that Plaintiff could perform past relevant work as a customer service representative as this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565 and 416.965).

The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from June 2, 2017, through the date of the decision on February 27, 2020. (AR 27).

Plaintiff challenges the ALJ's finding and argues that

(1) the ALJ references an incorrect onset date,

(2) insufficient weight was given to the treating physicians,

   (3)  the RFC is not supported by substantial evidence,

   (4) the ALJ improperly classified his impairment as non-severe,

   (5) the ALJ did not consider both severe and non-severe impairments in his decision,

   (6) the ALJ did not properly analyze plaintiff's testimony,

   (7) the ALJ did not give sufficient reasons for discounting plaintiff's testimony,

   (8) the ALJ did not consider the serious side effects of plaintiff's medication in his decision,

   (9) the ALJ did not properly analyze his medical records.  (ECF NO. 27).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled. (ECF NO. 26).

**I.  Incorrect onset date and whether this error was harmful?**

The ALJ misstated the alleged onset date as January 1, 2006 several times in his decision. (AR 15, 17, 25). Plaintiff has shown no harmful error with respect to his alleged onset date. This error was not harmful. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("We may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination'") (citation omitted).  The ALJ proceeded through the five-step sequential evaluation process and considered the entire relevant time period, September 1, 2014, Plaintiff's alleged onset date, through February 27, 2020, the date of the ALJ's decision (AR 17-26).  The ALJ states that in order to be entitled to CIB, a claimant must have a disability before attaining age 22 (AR 15). 42 U.S.C. § 402(d)(1)(B); 20 C.F.R. § 404.350.  Plaintiff, who was born on July 30, 1994 (AR 17, 197), had not reached age 22 as of his alleged onset date, September 1, 2014 (AR 197).  Plaintiff had work activity in 2014 before he was 22 years old; thus, Plaintiff cannot qualify for CIB.  (AR 223, 272).

## II.   Whether the ALJ ignored the opinion of the treating physician?

Plaintiff argues that insufficient weight was given to his treating physicians. Plaintiff argues that the ALJ did not take into account his treating physicians' findings that they barred him from doing basic work activity. (ECF No. 27 at p. 6).

The ALJ found that Plaintiff had no more than mild limitations in functioning (AR 18-19). Under the new regulatory framework for evaluating medical opinions and other medical evidence, the ALJ properly evaluated the opinion evidence in this matter. On January 18, 2017, the agency published comprehensive revisions to its regulations regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)).

For applications filed on or after March 27, 2017, the new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions, even those from treating sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). They also eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. The new regulations apply here since Plaintiff filed his application on June 2, 2017.

In fact, the ALJ states that he will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from the Plaintiff's medical sources. The ALJ fully considered the medical opinions and prior administrative medical findings in this case. (AR 21).

## III.   Whether the RFC is supported by substantial evidence?

Plaintiff argues that the RFC is not supported by substantial evidence in the ALJ's decision and as such the ALJ ignored his medical doctor's recommendation. (AR 27 at p. 5 and 6).

Here, the RFC is supported by substantial evidence. The ALJ found that Plaintiff could perform a range of light work. (AR 20). The ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. He can occasionally climb ramps and stairs, balance, stop, kneel, crouch or crawl, but never climb ladders, ropes or scaffolds. He can have no exposure to hazards such as heights and dangerous moving machinery and no more than moderate noise level exposure such as found in an office or retail setting and should have close proximity to toilets in an office setting. (AR 20).

The ALJ found that Plaintiff could perform past relevant work as a customer service representative as this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565 and 416.965). Vocational expert, Bernard Preston, testified at the hearing regarding Plaintiff's past relevant work and determined that Plaintiff is capable of performing past relevant work and that there are other jobs existing in the national economy that Plaintiff is able to perform (20 CFR 416.969 and 416.969a). (AR 24).

The overall evidence of record supports the ALJ's finding including the generally unremarkable medical evidence, opinions of the consultative examiner and State agency medical consultants, and Plaintiff's reported activities (AR 20-23, 84-85, 117-19, 443-44, 533). Consultative examiner Kevin Ramsey, M.D., reported that Plaintiff exhibited normal strength and range of motion, mostly intact sensation and was negative for the straight leg raising test bilaterally in both the supine and sitting positions although he had some difficulty changing positions from the seated to standing positions (AR 449-50). Dr. Ramsey, and State agency consultants Drs. Dhaliwal and Henry, concluded that Plaintiff could perform a range of medium work, which supports the ALJ's finding that Plaintiff could at least perform light work (AR 84-85, 117-19, 443-44). *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149

(9th Cir. 2001) (examining physician's opinion alone constitutes substantial evidence because it rests on his own independent examination of the claimant).

    **IV.**    **Whether the ALJ properly reviewed Plaintiff's medical records, properly consider the serious side effects of plaintiff's medication in his decision, and properly classified Plaintiff's impairments?**

Plaintiff argues that the record is incomplete. Here, the ALJ properly developed the record and properly evaluated all the medical opinions in medical record. The ALJ properly found Plaintiff's mental impairments non-severe. If the claimant has a medically determinable impairment, at step two of the sequential evaluation process the ALJ determines whether it is a "severe" impairment. 20 C.F.R. §§ 404.1508, 404.1520(c). An impairment is severe only if it significantly limits an individual's ability to perform basic work activities for at least a 12-month consecutive period. 20 C.F.R. § 404.1520(c). Mental work activities are defined as including such capabilities as understanding, carrying out, and remembering simple instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1521(b); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001), citing 20 C.F.R. § 404.1521(b)(4)-(6). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *See* Social Security Ruling (SSR) 85-28, 1985 WL 56856. Claimant bears the burden to prove the severity of her symptoms. *See Edlund*, 253 F.3d at 1159-60. Substantial evidence supported the ALJ's finding that Plaintiff medically determinable mental impairments of adjustment disorder, depressive disorder and anxiety disorder failed to cause more than a minimal limitation in the plaintiff's ability to perform basic mental work activities, thus, meets the criteria of a non-severe impairment. (AR 18-19). The ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1).

The ALJ found that in understanding, remembering and applying information, Plaintiff has mild limitation. The ALJ found that Plaintiff is able care of his personal hygiene, prepares simple meals, grocery shops and pays for items with the correct change. (AR 19).

In understanding, remembering and applying information, the ALJ found has mild limitation. Records show that Plaintiff takes care of his personal hygiene, prepares simple meals, grocery shops and pays for items with the correct change. Plaintiff also dines out with family and interacts with friends via online gaming (AR 19, 532, 563). The ALJ also noted that medical clinicians observed him to be friendly, well groomed, and oriented with appropriate mood and affect (AR 19, 531, 533, 637). Verna Fabella, Ph.D., a consultative examiner, observed Plaintiff as a friendly and fair historian, well groomed, and oriented with good short-term and delayed immediate memory. (AR 18).

As for concentration, persistence, or pace, the ALJ found that Plaintiff has mild limitation. (AR 19). Plaintiff reported no problems academically. Plaintiff states that "I was just lazy, felt homework was a waste of my time." (AR 19, 532). Psychiatric exams observed he had intact attention and concentration (AR 19, 637, 880). Plaintiff could take care of his personal hygiene, handle medical care, and shop for groceries (AR 19, 533). Medical clinicians observed Plaintiff to have appropriate grooming and hygiene with normal mood and affect (AR 19, 531, 533, 637). State agency psychological consultants, Robert Brill, Ph.D., and Joseph Ceniti, Ph.D., found that Plaintiff had no severe mental impairment (AR 19, 66-66, 99-100). *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings). The ALJ's finding was based on a rational interpretation of the record. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld").

Plaintiff's challenge to the ALJ's step three finding is without merit (Pl.'s Mtn. at 3). Substantial evidence supported the ALJ's finding that Plaintiff did not satisfy the Listings. At step three, an ALJ

determines whether a claimant's impairment or combination of impairments meets or medically equals the criteria of a listed impairment. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Listings describe specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Tackett*, 180 F.3d at 1098. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement the claimant is disabled. 20 C.F.R. §§ 404.1509, 416.909 ("it must have lasted or must be expected to last for a continuous period of at least 12 months"). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis included). A claimant bears the burden of proving that his impairments satisfy all the criteria of a particular listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff's argument that the ALJ did not consider his medication side effects is meritless (Pl.'s Br. at 8-9), Plaintiff points to no evidence in the record that supports his claim that he had side effects that would prevent him from working. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (because claimant did not report side effects of fatigue to his doctors during the relevant period, the ALJ properly rejected those limitations); *Hopkins v. Astrue*, 227 Fed.Appx. 656, 657 (9th Cir. 2007) (unpublished) ("ALJ was not obligated to consider [claimant's] claim that his medication made him drowsy because [claimant] provided no evidence to support this claim other than a statement in his daily activities questionnaire").

Here, the ALJ found that Plaintiff did not meet or medically equal the criteria of medical listings 4.04, 5.06, 11.02, or any other listing (AR 20). The ALJ's finding was supported by the opinions of the State agency medical consultants that Plaintiff was not disabled. (AR 84-85, 117-19).

The RFC is supported by substantial evidence. RFC reflects the most a claimant can still do in a work setting despite his limitations, and is based on all the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); Social Security Ruling (SSR) 96-8. It is the Commissioner's responsibility, not a physician's, to assess a claimant's RFC. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (RFC is not a medical opinion), 416.946(c) (ALJ is responsible for determining RFC); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

The ALJ found that Plaintiff could perform a range of light work (AR 20). The overall evidence in the medical record supports the ALJ's finding including the generally unremarkable medical evidence, opinions of the consultative examiner and State agency medical consultants, and Plaintiff's reported activities (AR 20-23, 84-85, 117-19, 443-44, 533). Kevin Ramsey, M.D., reported that Plaintiff exhibited normal strength and range of motion, mostly intact sensation and was negative for the straight leg raising test bilaterally in both the supine and sitting positions although he had some difficulty changing positions from the seated to standing positions (AR 449-50). ALJ found that Plaintiff could at least perform light work. Dr. Ramsey and State agency consultants Drs. Dhaliwal and Henry, state that Plaintiff could perform a range of medium work. (AR 84-85, 117-19, 443-44). *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion alone constitutes substantial evidence because it rests on his own independent examination of the claimant).

The ALJ properly considered both Plaintiff's severe and non-severe impairments (AR 18-23) to determine the RFC, and the RFC finding is supported by the overall evidence in the medical records (AR 18-23).

**V.     Whether the ALJ articulated clear and convincing reasons for rejecting Plaintiff's testimony?**

Plaintiff argues that the ALJ erred in concluding that he is not disabled because the ALJ failed to articulate clear and convincing reasons in rejecting his testimony. (ECF No. 27 at 7).

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, the Commissioner must engage in a two-step analysis before finding the claimant's testimony lacks credibility. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). An ALJ may consider a claimant's reputation for truthfulness and inconsistencies in the claimant's testimony when determining credibility. *Burch*, 400 F.3d at 680.

The ALJ correctly applied the two-step procedure that is required to discount a claimant's testimony. (*See* Admin. Rec. at 52). First, the ALJ identified an underlying medically determinable impairment: hypertension, gastroesophageal reflux syndrome, contracted gallbladder, splenomegaly, epilepsy, hypothyroidism/Hashimoto's disease, and morbid obesity. (AR 18).

Second, the ALJ evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms. *Id.* at AR 20. The ALJ identified several reasons for rejecting Plaintiff's testimony.

The ALJ discussed Plaintiff's allegations and provided detailed reasons for why he found his allegations of disability inconsistent with the record, including objective medical findings and other evidence.

In this case, Plaintiff alleged disability primarily due to IBS and epilepsy (AR 39). The ALJ considered Plaintiff's various symptoms including fatigue, pre-syncope, weight changes, constipation/diarrhea, and flank pain (AR 20).

First, the ALJ explained that Plaintiff's allegations were not supported by the objective medical evidence (AR 21). Per the regulations, the ALJ's primary consideration was how consistent Plaintiff's statements about symptoms were with the objective medical evidence. 20 C.F.R. § 404.1529(c)(2).

Although this could not be the ALJ's sole reason for rejecting Plaintiff's statements about symptoms, it was the primary factor that he was required to consider. *Id.; see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (while a claimant's subjective statements about symptoms "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). For example, the ALJ noted that Plaintiff's abdomen showed only mild splenomegaly and his doctor found the condition was stable (AR 20, 920, 957). Also, Plaintiff's symptoms for hypothyroidism/Hashimoto's disease (i.e. fatigue, diarrhea/constipation) have been described as "mild" (AR 920). Although an EEG showed waves consistent with epilepsy (AR 957), the ALJ found that it could be accounted for by limiting Plaintiff's exposure to hazards (AR 21). Plaintiff has not shown that he is more limited.

Second, the ALJ found that Plaintiff improved with treatment (AR 21). *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"), citing *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the

claimant's impairments were responsive to medication). Treating doctors resolved Plaintiff's Gastroesophageal reflux disease (GERD) with Prilosec (AR 429). Despite Plaintiff's complaints of frequent diarrhea, treatment notes did not show consistent or significant weight loss and he described those symptoms as only "intermittent" (AR 21, 613).

Third, the ALJ properly found that Plaintiff's activities reflected that he was more capable than he alleged (AR 21). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Plaintiff routinely cared for his personal hygiene, prepared simple meals, shopped for groceries, and interacted with family and friends (AR 21, 533). The ALJ reasonably found that these activities were inconsistent with Plaintiff's allegations of disability.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Buckley's Motion for Reversal or Remand (ECF No. 27) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 30) is GRANTED.

The Clerk of Court is directed to enter final judgment in favor of Defendant.

DATED this 19th day of October, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE